IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LAURA DOLER**                                                                              **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO.:** 3:20-CV-218-SA-RP

**CAPSTONE LOGISTICS, LLC**                                                 **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Laura Doler, by and through her counsel, Watson & Norris, PLLC, brings this action against Capstone Logistics, LLC, to recover damages for violations of her rights under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA discrimination in the terms and conditions of her employment with Defendant. The actions of the Defendant are in violation of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, as amended. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Laura Doler, is an adult resident citizen of Lafayette County, Mississippi. Plaintiff is an eligible employee as defined by the FMLA.

2. Defendant, Capstone Logistics, LLC, may be served with process through its registered agent: James Carroll Shaver, 1501 West Jackson Avenue, Suite 113, PMB 232, Oxford, Mississippi 38655. Defendant is a covered employer under the FMLA.

**JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.,* as amended.

4. This Court has federal question jurisdiction for actions that arise under the FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

6. Plaintiff is a 56-year old female from Lafayette County, Oxford, Mississippi.

7. Plaintiff was hired as a Manager at Pak Mail on September 23, 2019.

8. In Plaintiff's role as Manager, Plaintiff supervised two part time employees, Lucas (LNU) and Zena (LNU).

9. In mid-February 2020, Zena began experiencing upset stomach symptoms suggestive of Covid-19.

10. Soon after that, on February 18, 2020, Plaintiff began displaying symptoms as well.

11. On February 25, 2020, Plaintiff went to the Urgent Care Clinic in Oxford where she was medically evaluated by Dr. Willis N. Dabbs.

12. Dr. Dabbs initially believed that Plaintiff was having a myocardial infarction, but then later he revised his diagnosis and determined she was having gastrointestinal problems.

13. Plaintiff was appropriately treated and sent home.

14. On Sunday March 15, 2020, Plaintiff began experiencing a new onset of symptoms.

15. Once again, she suspected the possibility of Covid-19, so at 5:52 p.m. Plaintiff texted her General Manager, Allen Cooper, and reported that she felt it was best

for her to stay away from work until her symptoms had remitted.

16. Mr. Cooper responded back by text, acknowledging her message.

17. That night, however, on March 16, 2020, at 12:16 a.m., Mr. Cooper texted Ms. Plaintiff and instructed her to bring her key and open the store at 8 a.m. the next morning (i.e., Monday morning).

18. Plaintiff was struggling severely with her symptoms and did not even see this text message until later in the day on Monday.

19. On March 18, 2020, Plaintiff texted Mr. Cooper to update him on her ongoing severe symptoms.

20. Plaintiff told Mr. Cooper that her symptoms were improving gradually and that she was attempting to comply with the general guidelines being given at that time, i.e., if you are sick then stay at home.

21. Mr. Cooper was unsympathetic and demanded as to whether Plaintiff planned to return to work the next day.

22. Mr. Cooper went on say he would allow her to stay off for the remainder of the week, but he insisted that she plan to return to work on March 23, 2020.

23. Plaintiff contacted her primary doctor Dr. David Booth's office at the Eupora Family Medical Clinic, but Dr. Booth was out for a few days.

24. Then Plaintiff called Dr. Dabb's office again.

25. The nurse at Dr. Dabb's office directed Plaintiff to remain at home and quarantine herself for 14 days.

26. On Saturday March 21, 2020, Plaintiff texted Mr. Cooper to inform him that she was attempting to reach out to receive instructions from a doctor on what she should

do.

27. Mr. Cooper's texted response was, "Okay…so you want to take another week off?"

28. Plaintiff again reiterated that she was merely trying to comply with the guidelines being given by health officials.

29. On March 28, 2020, Plaintiff texted Mr. Cooper to inform him she was ready to return to work.

30. On April 2, 2020, Mr. Cooper texted Plaintiff and informed her that she was "laid off."

31. Plaintiff has texted Mr. Cooper several times since then to inquire about returning to work; however, Mr. Cooper has refused to allow her to return.

## CAUSE OF ACTION

## COUNT I: VIOLATIONS OF THE FMLA

32. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 31 above as if fully incorporated herein.

33. The Defendant violated the FMLA by laying off Plaintiff after Plaintiff presented with COVID-19 symptoms and was told by her physician to quarantine at home for 14 days.

34. The Defendant violated the FMLA by terminating Plaintiff's employment during the ongoing pandemic of the coronavirus disease of 2019 (COVID-19).

35. The Defendant unlawfully interfered with Plaintiff's employment agreement by terminating her just days before the FFCRA went into place.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. Compensatory damages;
6. Punitive damages;
7. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA;
8. Such further relief as is deemed just and proper.

THIS the 28th day of July 2020.

        Respectfully submitted,

        LAURA DOLER, PLAINTIFF

By: /s Louis H. Watson, Jr.
     LOUIS H. WATSON, JR. (MB# 9053)
     NICK NORRIS (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com